UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID R. JONES,

                              Plaintiff,                9:07-CV-0193
                                                               (NAM/GHL)

     v.

CENTRAL NEW YORK PSYCHIATRIC CENTER;
S. DBLOVO, T.A. Officer, CNY Psychiatric Center;
CLORCK, T.A. Officer, CNY Psychiatric Center;
ERICK, T.A. Officer,

                              Defendants.
_____

APPEARANCES:                                                    OF COUNSEL:

DAVID R. JONES, 03-B-1993
 Plaintiff, *Pro Se*
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

HON. ANDREW M. CUOMO                          MARIA MORAN, ESQ.
Attorney General for the State of New York        Assistant Attorney General
615 Erie Boulevard West, Suite 102
Syracuse, NY 13204

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

      This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Norman A. Mordue, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c) of the Local Rules of Practice for this Court. Generally, in his Complaint, David R. Jones ("Plaintiff") alleges that the Central New York Psychiatric Center, and three employees thereof, violated

Plaintiff's constitutional rights while Plaintiff was confined at the Central New York Psychiatric Center in September and October of 2005, by assaulting him and being deliberately indifferent to his serious medical needs. (Dkt. Nos. 1, 4, 8.) Currently pending before the Court is a motion to dismiss for failure to state a claim, filed by Defendant Central New York Psychiatric Center ("Defendant CNYPC"). (Dkt. No. 12.) For the reasons set forth below, I recommend that Defendant CNYPC's motion to dismiss be granted. I further recommend that the remainder of Plaintiff's claims be *sua sponte* dismissed on several grounds.

## I.    DEFENDANT CNYPC'S MOTION TO DISMISS

Plaintiff has failed to respond to Defendant CNYPC's motion, despite the fact that the Court *sua sponte* extended the deadline by which he had to do so by three weeks, out of special solicitude to him as a *pro se* civil rights litigant. (Dkt. No. 13.)

When a motion is not opposed, the moving party bears *a lightened burden*. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as required by this Rule shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause be shown.") An inquiry into whether a movant has met its "burden to demonstrate entitlement" to dismissal under Local Rule 7.1(b)(3) is a more limited endeavor than a review of a contested motion to dismiss.[1] Specifically, under such an analysis, the movant's burden of persuasion is

---

[1] *See, e.g., Hernandez v. Nash*, 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at *7-8 (N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) (before an unopposed motion to dismiss may be granted under Local Rule 7.1[b][3], "the court must review the motion to determine whether it is *facially meritorious*") [emphasis added; citations omitted]; *Race Safe Sys. v. Indy Racing League*, 251 F. Supp.2d 1106, 1109-10 (N.D.N.Y. 2003) (Munson, J.) (reviewing whether record

lightened such that, in order to succeed, his motion need only be "facially meritorious."[2]

Here, I find that Defendant CNYPC has met that lightened burden, for the reason stated in its motion papers, namely, that the Eleventh Amendment bars Plaintiff's action against Defendant CNYPC, which is an agency of New York State. (Dkt. No. 12, Part 2, at 1-2 [Def.'s Memo. of Law].)

As a result, I recommend that Defendant CNYPC's motion to dismiss be granted.

## II. GROUNDS FOR *SUA SPONTE* DISMISSAL OF PLAINTIFF'S REMAINING CLAIMS

Plaintiff has failed to diligently prosecute this action in that (1) he has filed no documents in this action since May 3, 2007 (Dkt. No. 8), (2) he has failed to identify and serve the three individual Defendants in this action (Dblovo, Clorck, and Erick), and (3) he has failed to notify the Court of his current address (Dkt. No. 14).

Moreover, the last two of these failures constitute violations of direct orders issued to him by the Court. (*See* Dkt. No. 5, at 3 [Order, filed 3/26/07, stating, "Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action [such as USM-285 Forms which are necessary to effect service on Defendants]. . . . **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any**

---

contradicted defendant's arguments, and whether record supported plaintiff's claims, in deciding unopposed motion to dismiss, under Local Rule 7.1[b][3]); *see also Wilmer v. Torian*, 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, at *2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.) (applying prior version of Rule 7.1[b][3], but recommending dismissal because of plaintiff's failure to respond to motion to dismiss *and* the reasons set forth in defendants' motion papers), *adopted by* 1997 U.S. Dist. LEXIS 16340, at *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord*, *Carter v. Superintendent Montello*, 95-CV-0989, 1996 U.S. Dist. LEXIS 15072, at *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F. Supp. 595 (N.D.N.Y. 1996) (Pooler, J.).

[2] *See*, *e.g.*, *Hernandez*, 2003 U.S. Dist. LEXIS 1625 at *8.

**change in his address; failure to do so will result in the dismissal of this action**."] [emphasis in original]; Dkt. No. 13 [Order, filed 6/28/07, directing that "Plaintiff take reasonable steps through discovery to learn the correct names of the employees at CNY Psychiatric Center identified as defendants in his complaint in order that service of process may be effected on these individuals . . . ."].)

Under the circumstances, the Court possesses the authority to *sua sponte* dismiss the action under a number of Federal Rules of Civil Procedure and Local Rules of Practice for this Court. *See*, *e.g.*, Fed. R. Civ. P. 41(b) (providing, in pertinent part, that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant");[3] Fed. R. Civ. P. 16(f) (permitting imposition of sanctions for violation of pretrial order); N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed."); N.D.N.Y. L.R. 10.1(b)(2) ("**All . . . pro se litigants must immediately notify the Court of any change of address**.") [emphasis in original].

I note that I have carefully weighed the five factors considered by the Second Circuit when reviewing a district court's order to dismiss an action for failure to prosecute, and/or for failure to comply with an order of the district court, under Rule 41(b),[4] and I find that they weigh

---

[3]  *Saylor v. Bastedo*, 623 F.2d 230, 238-239 (2d Cir. 1980) (recognizing that, under the language of Rule 41[b], a district court retains the inherent power to dismiss a plaintiff's complaint, *sua sponte*, for failure to prosecute) [citations omitted].

[4]  These five factors are as follows:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4]

decidedly in favor of dismissal.

For all of these reasons, I recommend that Plaintiff's remaining claims in this action be dismissed *sua sponte*.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendant CNYPC's motion to dismiss for failure to state a claim (Dkt. No. 12) be **GRANTED**; and it is further

**RECOMMENDED** that Plaintiff's remaining claims in this action be **DISMISSED** *sua sponte* for failure to prosecute, and/or for failure to comply with an order of the Court.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Svcs.*, 892 F.2d 15 [2d Cir. 1989]); 28 U.S.C. § 636(b); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: February 25, 2008
       Syracuse, New York

George H. Lowe
United States Magistrate Judge

---

whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*See Shannon v. GE Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (failure to prosecute action) [citation and internal quotation marks omitted]; *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (failure to comply with order of court) [citations omitted].